IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-03099-MSK

ALBERTO ALVARADO GINORI,

Applicant,

v.

ERICK HOLDER JR., U.S. Attorney General,

Respondent.

---

**ORDER ON HABEAS CORPUS APPLICATION**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Alberto Alvarado Ginori, on November 14, 2013. Mr. Alvarado Ginori claims that he is not subject to the mandatory detention provision of 8 U.S.C. § 1226(c) and requests an individualized hearing and bond determination by an immigration judge pending removal proceedings. He further asks the Court to declare his status "as national of the United States." Respondent filed a Response (ECF No. 13) asserting that the Application should be dismissed for lack of subject matter jurisdiction.[1] On January 23, 2014, Respondent also filed an "Emergency Motion to Lift Stay" (ECF No. 14) asking the Court to lift its November 19, 2013 order (ECF No. 4) requiring "that Applicant shall remain in custody until further order" and to dismiss the habeas petition. For the reasons stated below, the Court finds that Applicant's request for an individualized bond hearing is moot. The Court further finds that it lacks jurisdiction to review the immigration judge's denial of bond, or to declare Mr. Alvarado

[1]Respondent further maintains that Defendant Choate, warden of the facility in which Applicant is detained, is the only proper respondent to this action and that all other named respondents should be dismissed as improper parties. It is not necessary for the Court to address this argument.

Ginori's status as a national of the United States. Accordingly, the Application will be denied and the action dismissed without prejudice.

## I. LEGAL STANDARD

### A. Habeas Corpus Application

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the Applicant "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004).

Mr. Alvarado Ginori is currently in the custody of immigration officials in Aurora, Colorado. "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir.1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."). Because Applicant is detained within the District of Colorado, his § 2241 application was filed properly in this Court.

### B. Pro Se Litigant

Applicant is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume

that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II. FACTS AND PROCEDURAL HISTORY

Mr. Alvarado Ginori is a native and citizen of Mexico. (ECF No. 1 at 2; No. 13-1 at 2-4). He entered the United States at an unknown location with his parents in 2000. (ECF No. 13-1 at 2). Applicant has a juvenile record for multiple automobile theft-related charges dating back to 2008. (*Id.* at 8). On November 22, 2010, he was convicted in the Denver County Court of Trespass 1-auto-w/intent to commit crime, a class 5 felony, and two counts of Motor Vehicle Theft/agg 2 - under $1000, a class 1 misdemeanor. (*Id.* at 3-4). He was sentenced to a term of two years in the Department of Youth Corrections for these offenses. (*Id.* at 4). On October 11, 2012, Applicant was contacted by immigration officers at the Platte Valley Youth Center in Greeley, Colorado. (*Id.* at 3). On November 21, 2012, Mr. Alvarado Ginori was released to ICE custody and placed in removal proceedings. (*Id.* at 3, 14). Pursuant to 8 U.S.C. § 1226(a), ICE determined that Applicant should be detained and not released under bond or on his own recognizance pending a final determination of removability. (*Id.* at 19).

Mr. Alvarado Ginori requested that the immigration judge conduct a bond re-determination hearing under 8 C.F.R. § 236.1(d). (ECF No. 13-1 at 21). On January 7, 2013, after an individual bond hearing, the immigration judge denied Applicant's request for bail, and on February 7, 2013, the immigration judge issued a written Bond Memorandum explaining his decision and his finding that Mr. Alvarado Ginori had not met his burden of showing that he is not a danger to persons or property. (*Id.* at 21-25). On April 11, 2013, the Board of Immigration

Appeals ("BIA") affirmed the no-bond decision. (*Id.* at 29).

On September 23, 2013, the immigration judge denied Mr. Alvarado Ginori's application for cancellation of removal and granted him voluntary departure under safeguards. (ECF No. 13-1 at 6-11). He appealed to the BIA on October 8, 2013. (*Id.* at 31).

While the appeal was pending, Mr. Alvarado Ginori filed the instant action on November 14, 2013. (ECF No. 1). The Response was filed December 10, 2013. (ECF No. 13).

On January 13, 2014, the BIA dismissed Applicant's appeal, affirming the voluntary departure and order of removal if Mr. Alvarado Ginori fails to voluntarily depart the United States within sixty days from the date of BIA order. (ECF No. 14-1 at 3-4). Applicant is currently detained pursuant to the immigration judge's order of voluntary departure with safeguards. (ECF No. 13-1 at 11).

On January 23, 1014, Respondents filed an Emergency Motion to Lift Stay (ECF No. 14) asserting that Mr. Alvarado Ginori's voluntary departure cannot move forward given the Court's order "that Applicant shall remain in custody until further order." (ECF No. 4).

## III. ANALYSIS

### A. Applicant's Request for an Individualized Bond Hearing is Moot

Mr. Alvarado Ginori claims that he is not subject to the mandatory detention provision of 8 U.S.C. § 1226(c) because immigration officials waited over six years after his conviction for the removable offense to detain him. (ECF No. 1, at 11). He therefore asks the Court to order Respondent to give him an individualized bond hearing by an immigration judge pursuant to 8 U.S.C. § 1226(a). (*Id.* at 5). Mr. Alvarado Ginori further contends that his detention without an individualized bond hearing violates his due process rights under the Fifth Amendment to the United States Constitution. (*Id.* at 12-13).

Title 8 of the United States Code Section 1226 governs the pre-removal detention of an noncitizen. Section 1226(a) authorizes immigration officials to arrest and to detain or release a noncitizen pending a decision on whether the noncitizen is to be removed from the United States. An noncitizen has the right under § 1226(a) to a hearing before an immigration judge to determine whether he or she should be released on bond during the removal process. There is an exception to this broad authority given to immigration officials to release a noncitizen on bond following a hearing as § 1226(a), by its plain terms, applies in all circumstances "[e]xcept as provided in subsection (c) of this section." This exception, subsection (c), authorizes mandatory detention of certain noncitizens without a bond hearing. *See* 8 U.S.C. § 1226(c)(1) and (2).

Respondent argues that this Court lacks subject matter jurisdiction to consider Applicant's claim challenging his detention without a bond hearing. Respondent argues that this claim is moot because Mr. Alvarado Ginori is being detained pursuant to the discretionary provisions of 8 U.S.C. § 1226(a), not the mandatory provisions of § 1226(c), and he received an individualized bond hearing on January 7, 2013. (ECF No. 13 at 4-5).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996); *see also* *Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009). At all stages of the case, the parties must have a "personal stake in the outcome' of the lawsuit. *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). In other words, the petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision. *Spencer*, 523 U.S. at 7. Where the petitioner has received all the relief requested in the petition, his claim is moot and should be dismissed, unless an exception to the mootness doctrine applies. *See Riley v. INS*, 310

F.3d 1253, 1256-57 (10th Cir. 2002).[2]

The record before the Court reflects that Mr. Alvarado Ginori was detained pursuant to immigration officials' discretionary authority pending a decision on whether he should be removed from the United States. (ECF No. 13-1 at 19, 21, 23-25); *See* 8 U.S.C. § 1226(a) (1) and (2); *see also* 8 C.F.R. § 236.1(c)(8) (providing that an authorized officer may exercise discretion to release a noncitizen if the noncitizen demonstrates that release would not pose a danger and the noncitizen is likely to appear at future proceedings). There is no support in the record for Applicant's contention that he is subject to the mandatory detention provision of 1226(c). It is undisputed that Mr. Alvarado Ginori was granted an individualized bond hearing in January 2013. (ECF No. 13-1 at 23). Applicant has received the relief requested in the application and there is no information before the Court to indicate that one of the exceptions to the mootness doctrine applies here. Accordingly, Mr. Alvarado Ginori's claims challenging his detention under § 1226 will be dismissed as moot.

**B. The Court Lacks Jurisdiction to Review the Denial of Bond**

Respondent next contends that to the extent Mr. Alvarado Ginori challenges the immigration judge's decision to deny bond, the Court lacks jurisdiction to review the discretionary decision pursuant § 1226(e). That section provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond

---

[2]The Court should not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley*, 310 F.3d at 1257.

or parole.

8 U.S.C. § 1226(e).

The Court agrees that the immigration judge's decision to deny bond is an exercise of executive discretion under § 1226(e) that is not subject to judicial review. *See* 8 U.S.C. § 1226(a)(1)-(2) (Attorney General may exercise his discretion to either detain or release a noncitizen on bond or conditional parole); 8 C.F.R. § 236.1(c)(8) (authorized officer may exercise his discretion and release a noncitizen if the noncitizen demonstrates that such release would not pose a danger to property or persons and the noncitizen is likely to appear for future proceedings); *see also Mwangi v. Terry,* 465 F. App'x. 784, 787 (10th Cir. March 12, 2012) (unpublished) (holding that courts lacked jurisdiction to review the discretionary decision to detain or release on bond under § 1226(a) and Congress specifically eliminated habeas petitions as a means to challenge such decisions). Accordingly, to the extent Mr. Alvarado Ginori challenges the discretionary decision to deny bond, the Court lacks jurisdiction over the claim.

**C. The Court Lacks Jurisdiction to Review Applicant's Immigration Status**

Finally, Mr. Alvarado Ginori asks this Court to declare his status as a United States national, pursuant to 8 U.S.C. § 101(A)(22)(B), so that he is not subject to removal as an alien. (ECF No. 1 at 5). Again, the Court does not have subject matter jurisdiction to review this claim.

A person generally may pursue a nationality claim in two ways. First, if the person is in removal proceedings he can claim his status as a national as a defense. If the immigration judge rejects the defense and orders removal, the person can, after properly exhausting administrative channels, petition the court of appeals for the judicial district in which the immigration judge completed the removal proceedings under 8 U.S.C. § 1252(b) for review of the final order of

removal, including for review of the nationality claim. *See* 8 U.S.C. § 1252(b)(5)(A) and (B); *see also Omolo v. Gonzales*, 452 F.3d 404, 407 (5th Cir. 2006) (court of appeals had exclusive jurisdiction to review and determine whether petitioner was a national by construing habeas petition that was transferred from district court as petition for review).

Second, a person can affirmatively seek proof of nationality by filing an application for a certificate of non-citizen national status with the Secretary of State under 8 U.S.C. § 1452(b). Following an adverse administrative appeal, the person can seek a judicial declaration of citizenship in the federal district courts, unless the issue of the person's status as a national "(1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a).

Under the above statutes, the Court lacks jurisdiction to review Mr. Alvarado Ginori's claim seeking a declaration of his status as a United States national if his nationality is at issue in the removal proceeding. Although the record does not definitively resolve this issue, the claim is also subject to dismissal based on Mr. Alvarado Ginori's motion.

## IV. ORDERS

For the reasons discusses above, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Applicant, Alberto Alvarado Ginori, on November 14, 2013 (ECF No. 1), is **DENIED**. The Court lacks subject matter jurisdiction over Mr. Alvarado Ginori's claim challenging his detention under 8 U.S.C. § 1226; the denial of bond by the immigration judge; and Applicant's request for a declaration of his status as a national of the United States, if that nationality is at issue in the removal proceeding. It is

**FURTHER ORDERED** that this action is DISMISSED WITHOUT PREJUDICE. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

**FURTHER ORDERED** that all pending motions are **DENIED** as moot.

DATED this 4th day of February, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge